Yana A. Hart (SBN: 306499)
yana@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart, APC**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Fax: (619) 297-1022

*Attorneys for Plaintiff*
Brenda White

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA WHITE,<br><br>             Plaintiff,<br><br>v.<br><br>ATLANTIC CREDIT & FINANCE, INC., dba Receivables Billing International, and DOES 1-10,<br><br>             Defendants. | Case No: **'18CV0876 BAS JMA**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br>(1) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692,** *et seq.***; AND**<br>(2) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ Code § 1788,** *et seq.***; AND**<br>(3) **INVASION OF PRIVACY, Cal. Pen. Code § 630,** *et seq.*<br><br>**JURY TRIAL DEMANDED** |

///

# INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Brenda White ("Plaintiff"), through her attorneys, brings this action to challenge the conduct of Atlantic Credit & Finance, Inc. ("Defendant") in response to Defendant's attempts to unlawfully and abusively collect a debt allegedly owed by Plaintiff, conduct that caused Plaintiff's injuries.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, which Plaintiff alleges on personal knowledge.

///

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, all conduct engaged in by Defendant took place in California.

7. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid these violations.

8. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION AND VENUE

9. This Court has original and supplemental jurisdiction pursuant to 15 U.S.C. § 1692, *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

10. This Court has personal jurisdiction because Defendant regularly conducts business in California, collecting debts on behalf of its creditor client. Further, as illustrated below, Defendant directed its unlawful collection practices at the forum state.

11. A substantial part of the events or omissions giving rise to this claim occurred in San Diego, California against Plaintiff who resides in the County of San Diego, State of California. Thus, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

12. At all times relevant, Defendant conducted business within the County of San Diego, State of California.

## PARTIES & DEFINITIONS

13. Plaintiff is a natural person who resides in the City of San Diego, State of California. As discussed below, Plaintiff allegedly received this loan from Advance America. This loan is a cash loan that was used primarily for personal

purposes, which Plaintiff allegedly owes to Advance America. Therefore, Plaintiff is a "consumer" and a "debtor," as those terms are defined by 15 U.S.C. § 1692a(3) and Cal Civ. Code § 1788.2(h).

14. Furthermore, the loan is a "consumer debt" and a "debt," as those terms is defined by 15 U.S.C. § 1692a(5) and Cal Civ. Code § 1788.2(d).

15. Defendant is a self-described "servicer of unsecured, consumer-distressed assets." (http://www.atlanticcreditfinance.com/about_us.html). On behalf of its creditor clients, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ Code § 1788.2(c).

16. Defendant is a Virginia corporation with its principal place of business in the county of Roanoke, State of Virginia.

## FACTUAL ALLEGATIONS

17. Sometime before May 2017, Plaintiff allegedly received a loan (the "Debt") from Advanced America. Because this complaint alleges violations of the FDCPA, the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and Invasion of Privacy, Cal. Pen. Code § 630, *et seq*., the validity and circumstances surrounding the Debt are irrelevant and will only be discussed to provide context.

18. Plaintiff allegedly fell behind in payments on the Debt, so it was placed with Defendant for collection purposes.

19. In or around May 2017, Defendant began contacting Plaintiff in an attempt to collect the Debt.

20. During the week of May 1, 2017, Defendant called Plaintiff's landline telephone on two separate occasions. These telephone calls were recorded, a

fact which Defendant did not disclose to Plaintiff. Plaintiff did not discover that these telephone calls were recorded until May 8, 2017.

21. During these unrecorded telephone calls to Plaintiff's landline, Defendant made a confidential communication by discussing the Debt.

22. On May 8, 2017, Plaintiff contacted Defendant from her residence in San Diego California, using her cellular telephone. During this telephone call, Defendant's agent threatened to pursue legal action against Plaintiff for "intent to defraud Advanced America" and for "a series of returned checks."

23. Plaintiff has never attempted to defraud Advanced America and Defendant did not furnish any evidence to the contrary, as there is none. Further, Defendant had no intention of pursuing legal action against Plaintiff. Indeed, nearly a year has passed since Plaintiff made this telephone call and Defendant has not taken any legal action against Plaintiff.

## 15 U.S.C. 1692, *et seq*.

24. Defendant may not "engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." (15 U.S.C. § 1692d.) Nor may Defendant "use unfair or unconscionable means to collect or attempt to collect any debt." (15 U.S.C. § 1692f.)

25. Defendant's empty threat to pursue legal action against Plaintiff for fraud and returned checks was simply a scare tactic that was designed to compel Plaintiff to pay the Debt.  At no time did Plaintiff defraud or attempt to defraud Advanced America. Therefore, Defendant had no evidence to support this reckless and baseless claim. Indeed, it didn't even attempt to provide Plaintiff with evidence of fraud. Furthermore, Defendant never intended to pursue legal action against Plaintiff, as evidenced by the fact that almost a year has passed while Defendant has sat on its alleged rights. Thus, the only purpose in making this threat was to bully Plaintiff. The natural consequence of Defendant's actions, therefore, was to harass, oppress, and abuse the Plaintiff, which is an

unfair and unconscionable means of collecting a debt. For these reasons, Defendant violated 15 U.S.C. § 1692d and 15 U.S.C. § 1692f.

26. In addition, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of a debt." (15 U.S.C. § 1692e.) This includes, but is not limited to, "the threat to take any action that cannot legally be taken or that is not intended to be taken." (15 U.S.C. § 1692e(5).)

27. Again, Defendant has absolutely no authority to pursue legal action against Plaintiff for fraud because Plaintiff did not commit fraud and Defendant has no evidence to the contrary. Moreover, Defendant never intended to sue Plaintiff, as evidence by the fact that it sat on its alleged rights for nearly a year. The threat to sue Plaintiff was clearly a ploy to scare Plaintiff into paying the Debt. Thus, Defendant made a false, deceptive, and misleading representation in connection with the collection of a debt and threatened to take legal action that it could not legally take and did not intend to take. Defendant, therefore, violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692(5).

### Cal Civ. Code § 1788, *et seq.*

28. The RFDCPA incorporates the above FDCPA provisions through Cal. Civ. Code § 1788.17. Thus, in violating 15 U.S.C. § 1692d, 15 U.S.C. § 1692f, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692e(5), Defendant violated Cal. Civ. Code § 1788.17.

### Cal Pen. Code § 630, *et seq.*

29. California Penal Code Section 632(a) is very clear in its prohibition against such unauthorized tape recording without the consent of the other person to the conversation and states: "Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication [violates this section]". California Penal Code

section 637.2 permits Plaintiff to bring this action for any violation of Penal Code § 632 and provides for statutory damages of $5,000.00 for each violation.

30. Defendant secretly recorded or otherwise made unauthorized connections to Plaintiff's conversations with Defendant and its employees and agents, all in violation of California's statutory and common law against such unlawful intrusions into a person's private affairs, including the California Constitution's prohibition in Article 1, Section 1.

31. Plaintiff is informed and believes, and thereon alleges, that these surreptitious recordings, and other unauthorized connections to the conversations, were accomplished through the use of an electronic amplifying or recording device prohibited by California Penal Code § 632(a).

32. Furthermore, Defendant violated Plaintiff's constitutionally protected privacy rights by failing to advise or otherwise provide notice at the beginning of the recorded conversations with Plaintiff that the two calls to Plaintiff's landline would be recorded, and Defendant did not try to obtain Plaintiff's consent before such recordings.

33. Such recordings or other unauthorized connections were done over the telephone, all without Plaintiff's prior knowledge or consent.

34. Based upon the objective information available to Plaintiff at the time of the recorded telephone calls, the calls were "confidential communications" as defined by CIPA and supporting case law. Indeed, these two telephone calls concerned the nature of the Debt, which is highly sensitive, personal, and embarrassing information. There were no warnings that the calls would be recorded at the outset of the telephone calls. Thus, Plaintiff had no objective or subjective reason to objectively believe his calls were being recorded by Defendant.

35. Plaintiff's belief that the calls between Plaintiff and Defendant were "confidential communications" was based upon objective facts and

circumstances. Therefore, the telephone calls between Plaintiff and Defendant that were recorded by Defendant were "confidential communications" as that term is defined by the Privacy Act, California Penal Code § 632(c) and case law.

36. As a result of the above, Defendant violated Cal. Pen. Code § 632(a).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

37. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

38. The foregoing acts and omissions constitute multiple violations of the FDCPA, including but not limited to the above-cited provision of the FDCPA, 15 U.S.C. §1692 *et seq*.

39. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. §1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CAL. CIV. CODE §§ 1788-1788.32

40. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

41. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to the above-cited provisions of the FDCPA.

42. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ Code § 1788.30(a); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ Code § 1788.30(c) from Defendant.

## THIRD CAUSE OF ACTION
## INVASION OF PRIVACY
## Cal. Pen. Code §§ 632 and 637.2

43. Plaintiff repeats, re-alleges, and incorporates by reference, all allegations of this Complaint as though fully stated herein.

44. Because Defendant and its employees and agents recorded or otherwise made unauthorized connections to Plaintiff's conversations, Defendant is liable for the greater of $5,000.00 per violation or three times the amount of actual damages sustained by Plaintiff. Plaintiff is seeking only the statutory damages under this cause of action.

45. Such conduct by Defendant was willful, deliberate, malicious and intentional and violated California Penal Code §§ 632 and 637.2.

///

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## FIRST CAUSE OF ACTION
## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. § 1692 ET SEQ.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court should deem just and proper.

## SECOND CAUSE OF ACTION
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Treble damages pursuant to Cal. Civ. Code § 3345; and
- Any other relief this Court should deem just and proper.

///

# THIRD CAUSE OF ACTION
# INVASION OF PRIVACY
### Cal. Pen. Code §§ 632 and 637.2

- General and special damages;
- Statutory damages of $5,000.00 for each violation of California Penal Code § 632 *et seq.*;
- Pre-judgment and post-judgment interest;
- Attorney's fees and costs of suit; and
- Any other relief this Court should deem just and proper.

## **TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 5/4/18                                            **Hyde & Swigart, APC**

                                                By: /s/ Joshua B. Swigart
                                                     Joshua B. Swigart, Esq.
                                                     Attorney For Plaintiff